# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| BAYVIEW LOAN SERVICING, LLC | : |
| Plaintiff, | :    Civil Action No. 17-906 (MCA) |
| v. | :    REPORT AND RECOMMENDATION |
| MERLA LAWRENCE, Individually and as Executrix of the Estate of Eulon Bass Gray, et. al., | : |
| Defendants. | : |

This matter having come before the Court by way of Plaintiff Bayview Loan Servicing, LLC's ("Plaintiff") motion to remand the matter to the Superior Court of New Jersey Chancery Division, Essex County, see Pl.'s Mot. to Remand, D.E. 4; [1]

---

[1] Plaintiff filed this foreclosure action on March 19, 2013. Compl., Exh. to Not. of Removal, D.E. 1-3. Plaintiff alleges that Eulon Bass Gray ("Gray") defaulted on payments due on a note and a related purchase money mortgage for property located at 4 Lancaster Avenue, Maplewood, New Jersey. See generally Am. Compl., D.E. 4-1. Eulon Gray died on July 16, 2013. Before Defendant pro se Merla Lawrence ("Lawrence") removed the action, Plaintiff amended the Complaint to remove Gray as a Defendant, and added Lawrence as a Defendant in her capacity as the executrix of Gray's estate. Id. at 5. Lawrence is also named a Defendant in her individual capacity because before Gray's death, Gray conveyed part of his right, title, and interest in the mortgaged property to Lawrence as a joint tenant with the right of survivorship. Id. Thus, after Gray's death, Lawrence became the sole surviving tenant of the property at issue. Id.

The Court notes that Plaintiff is improperly captioned on the docket as JPMorgan Chase Bank, National Association ("JPMorgan"). When this case was originally filed in state court on March 19, 2013, JPMorgan was the original Plaintiff. See Original Compl, Exh. to Not. of Removal, D.E. 1-3. However, on September 5, 2014 the mortgage at issue was assigned by JPMorgan to Bayview Loan Servicing, LLC, who then became the Plaintiff. See Am. Compl. at 2, Exh. B to Mot. to Remand, D.E. 4-1. The Amended Complaint in state court correctly reflects that Bayview Loan Servicing is the current Plaintiff in this action. Id. at 1. In her notice of removal, Defendant Merla Lawrence failed to include the operative Amended Complaint and only included the original Complaint, which had identified JPMorgan as the Plaintiff. See Original

and it appearing Plaintiff originally filed this action in the Superior Court of New Jersey;

and it appearing that on February 8, 2017, Lawrence removed the matter to this Court, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2) and on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), see Not. of Removal, D.E. 1, ¶¶ 8, 10;

and 28 U.S.C. § 1441(b)(2) providing that a civil action "otherwise removable" solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought;" see Poznanovich v. AstraZeneca Pharms. LP, 2011 U.S. Dist. LEXIS 142967, *2-3, Civ. No. 11-4001 (D.N.J. Dec. 12, 2011) ("Under the forum defendant rule, a state court action is not removable based upon diversity jurisdiction if any of the properly joined and served defendants are citizens of the forum state[.]");

and it appearing that in the Notice of Removal, Lawrence states that she is "domiciled in New Jersey, at 4 Lancaster Ave., Maplewood, 07040." Not. of Removal, D.E. 1, ¶ 11;

and the Court therefore finding that because Lawrence is a citizen of New Jersey, she cannot properly remove this action to this Court on the basis of diversity jurisdiction;

and pursuant to 28 U.S.C. § 1446(b)(2), when a civil action is removed on the basis on federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action;" see also Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition.");

---

Compl., Exh. to Not. of Removal, D.E. 1-3. The current Plaintiff, Bayview Loan Servicing, included the operative Amended Complaint as an exhibit to its motion to remand. See Am. Compl. at 2, D.E. 4-1.

and it further appearing that although there are there are six other Defendants besides Lawrence currently named in this action, the removal petition is devoid of any indication that any of the other six Defendants has joined in or consented to the removal; [2]

and the Court therefore concluding that Plaintiff improperly removed this action, regardless of whether she attempts to predicate subject matter jurisdiction on either diversity of citizenship or federal question jurisdiction, and that this case is not properly brought before this Court;

and for good cause shown;

**IT IS ON THIS 10th day of July, 2017,**

**RECOMMENDED** that Plaintiffs' motion [D.E. 4] be granted and this matter be remanded to the Superior Court of New Jersey Chancery Division, Essex County.

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).[3]

---

[2] The other six Defendants in this action are: Mortgage Electronic Registration Systems, Inc., as nominee for Weichart Financial Services, Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage, LLC, American Express Centurion Bank, Jennifer Nugent, James Nugent, and the State of New Jersey. Am. Compl. at 3-7, D.E. 4-1. Plaintiff explains that these Defendants "are named as party defendants to this action for any right, title and interest they may have in, to or against the subject property." Id. at 3.

Additionally, it does not appear that there is any basis for federal jurisdiction. In her notice of removal, Lawrence alleges that "the chain of title of the note and mortgage is corrupted" and that filings in a related Bankruptcy case are "fraudulent." Notice of Removal, D.E. 1, ¶ 10. Without elaboration, Lawrence claims that "[t]hese issues pose a federal question in this case." Id. Lawrence does not appear to claim a federal defense to the state-law cause of action for foreclosure that would completely pre-empt state jurisdiction; nor does she allege a counterclaim sounding in federal law. Her inclusion of an affidavit from English Financial LLC, which does not appear to be a law firm, does nothing to clarify her position. Although the affidavit alleges irregularities in the assignment of the mortgage, it does not explain the basis for federal jurisdiction under 28 U.S.C. § 1331.

[3] A decision to remand is dispositive. See In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998). Accordingly, the Court makes this Report and Recommendation to the Honorable Madeline C. Arleo, United States District Judge.

*s/ Michael A. Hammer*
**United States Magistrate Judge**