NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAYVIEW LOAN SERVICING, LLC,

*Plaintiff,*

v.

MERLA LAWRENCE, Individually and as Executrix of the Estate of Eulon Bass Gray, et al.

*Defendants.*

Civil Action No. 17-906

ORDER

**THIS MATTER** having come before the Court by way of Defendant Merla Lawrence's ("Defendant") appeal of Magistrate Judge Hammer's Report and Recommendation that Plaintiff Bayview Loan Servicing, LLC's Motion to Remand be granted and this matter remanded to Superior Court of New Jersey Chancery Division, Essex County, ECF No. 10 (hereinafter, "Report and Recommendation");

and it appearing that Plaintiff filed this action in the Superior Court of New Jersey;

and it appearing that on February 8, 2017, Lawrence removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2) and on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), see Not. of Removal, D.E. 1, ¶¶ 8,10;

and it appearing that Judge Hammer correctly determined that 28 U.S.C. § 1441(b)(2) provides that a civil action "otherwise removable" solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," see Poznanovich v. AstraZeneca Pharms. LP, 2011 U.S. Dist. LEXIS 142967, *2-3, Civ. No. 11-4001 (D.N.J. Dec. 12, 2011) ("Under the forum

defendant rule, a state court action is not removable based upon diversity jurisdiction if any of the properly joined and served defendants are citizens of the forum state[.]");

and it appearing that in the Notice of Removal, Lawrence states she is "domiciled in New Jersey, at 4 Lancaster Ave., Maplewood, 07040," Not. of Removal, D.E. 1, ¶ 11;

and it appearing that Judge Hammer properly found that Lawrence cannot properly remove this action to this Court on the basis of diversity jurisdiction because she is a citizen of New Jersey;

and it appearing that pursuant to 28 U.S.C. § 1446(b)(2), when a civil action is removed on the basis of federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action," see also Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition.");

and it appearing that the removal petition is devoid of any indication that any of the other six Defendants has joined in or consented to the removal;

and it appearing that Judge Hammer correctly concluded that Lawrence improperly removed this action, regardless of whether she attempts to predicate subject matter jurisdiction on either diversity of citizenship or federal question jurisdiction, and that this case is not properly brought before this Court;

and it further appearing that Defendant, in her appeal, only raises defenses as to the foreclosure complaint but does not challenge the basis for remand;

**IT IS** on this the 20th day of December, 2017,

**ORDERED** that the Magistrate's Report and Recommendation is affirmed.

> */s Madeline Cox Arleo*
> **Hon. Madeline Cox Arleo**
> **United States District Judge**